FILED
2/5/2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ERIK WILHELM TRACZYK, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 21-0312 (UNA) |
| JACOB LEVITAN, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

This matter is before the Court on review of this *pro se* plaintiff's application to proceed *in forma pauperis* and his civil complaint. The Court has reviewed the complaint, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than those applied to pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense, and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

After having carefully reviewed the complaint, the Court concludes that the complaint does not allege a basis for jurisdiction, does not allege a colorable legal claim, and does not demand a particular form of relief.[1]  As drafted, the complaint fails to meet Rule 8(a)'s minimal pleading standards, and it must therefore be dismissed.

Plaintiff's application to proceed *in forma pauperis* will be granted.

A separate order will issue.

/s/
RANDOLPH D. MOSS
United States District Judge

DATE: February 5, 2021

---

[1] Plaintiff, who currently is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, makes a passing reference to his release from custody.  Even if plaintiff were seeking habeas relief, this Court would lack territorial jurisdiction over such a claim.  This Court "may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction," *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004), and plaintiff is incarcerated outside of the District of Columbia.  The proper respondent in a habeas corpus action, moreover, is plaintiff's custodian, *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004), and plaintiff does not name his custodian as a defendant.